IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:    BOSTON SCIENTIFIC CORP.
          PELVIC REPAIR SYSTEM                                    MDL NO. 2326
          PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

*Jenifer Marie Taylor v. Boston Scientific Corp.*          Civil Action No. 2:14-cv-06571

MEMORANDUM OPINION & ORDER

Pending before the court is defendant Boston Scientific Corporation's Motion to Dismiss for Failure to Timely Provide Plaintiff Profile Form per PTO 16 ("Motion to Dismiss") [Docket 6], filed on September 23, 2014. For the reasons stated below, the motion is **GRANTED in part** to the extent that defendant seeks dismissal but **DENIED** insofar as defendant seeks dismissal with prejudice. The court **ORDERS** that this case be **DISMISSED without prejudice**.

I.    Background

This case is one of over 70,000 cases that have been assigned to me by the Judicial Panel on Multidistrict Litigation regarding alleged defects in transvaginal surgical mesh used to treat stress urinary incontinence and pelvic organ prolapse. Managing multidistrict litigation ("MDL") requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities. Pretrial Order # 16, for example, provides that each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. (*See* Pretrial Order # 16 ("PTO #16" or the "Order"), *In re: Boston Scientific*

*Corp. Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-002326 [Docket # 211], entered Oct. 4, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/boston/orders.html). The parties jointly drafted PTO # 16, and I entered it as applicable to every one of the thousands of cases in this MDL. The plaintiff in this case, however, did not comply with PTO # 16 in that she failed to submit a completed PPF within the time allotted, and on this basis, the defendant now moves to dismiss the plaintiff's case with prejudice.

**II.     Legal Standard**

Federal Rule of Civil Procedure 16 provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37 provides that where a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders[,]" including orders dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) ("Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders.").

Case management is particularly important in MDLs. Pretrial orders such as PTO #16 "provide[] some necessary order and clarity to the pre-trial process without burdening plaintiff unduly." *Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985) (upholding a district court's dismissal of an asbestos case for failure to comply with a pretrial discovery order). In an MDL containing thousands of individual cases, I must strictly enforce rules to ensure that all parties comply with deadlines and that the litigation flows smoothly and efficiently. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed and administered to secure the

just, speedy, and inexpensive determination of every action and proceeding."); *see also In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1229, 1232 (9th Cir. 2006) ("Case management orders are the engine that drives disposition on the merits [in MDLs].").

### III. Analysis

Pursuant to PTO #16, each plaintiff is required to submit a completed PPF within 60 days of filing a Short Form Complaint. (PTO # 16, ¶ 1). The purpose of the PPF, as was the case in *In re Phenylpropanolamine*, is "to give each defendant the specific information necessary to defend the case against it . . . [and] without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." 460 F.3d at 1234. To this end, PTO # 16 provided that "[i]f a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to these deficiency cure procedures." (*Id* ¶ 1g). Further, it stated that "[a]ny plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants." (*Id*. ¶ 1i).

In this case, the plaintiff filed her complaint on January 31, 2014, and so her PPF was due to the defendant by April 1, 2014. Plaintiff's counsel subsequently requested five separate twenty-one-day extensions to provide the PPF, and the defendant granted each extension request. On June 24, 2014, the defendant made it clear that if the plaintiff did not provide a PPF by July 15, 2014, it would move to dismiss her case. The plaintiff has not taken advantage of these extensions and, after more than a year, has not yet provided a PPF.[1] In response to the Motion to Dismiss, plaintiff's counsel admit that they do not have a completed PPF, and furthermore, they

---

[1] Indeed, there has been no activity on the docket since October 10, 2014, when the defendant filed its Reply in the instant Motion [Docket 9].

3

have been unable to contact their client despite repeated attempts. This, however, does not justify the plaintiff's failure to comply with discovery.

The plaintiff is responsible for providing her counsel with any information needed to prosecute her case, including up-to-date contact information. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[A] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit."). In turn, as set forth in PTO # 4, "[a]ll attorneys representing parties to this litigation . . . bear the responsibility to represent their individual client or clients." (PTO # 4 *In re: Boston Scientific Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-002326 [Docket 103], ¶ C, entered Apr. 17, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/boston/ orders.html). Together, the plaintiff and her counsel have the obligation "to move [the plaintiff's] case to trial." *West v. City of N.Y.*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). In doing so, they must be aware of the requirements of this court's pretrial orders, as well as the possible sanctions for noncompliance. *See id.* at 634 (stating that each party "is considered to have notice of all facts, notice of which can be charged upon the attorney" (internal quotations omitted)). PTO #16—*which was jointly drafted by both parties' counsel*—expressly states that the failure to timely submit a PPF could result in sanctions, including dismissal, as determined by the court upon motion by the defendants. (*See* PTO # 16, ¶ 1g).

The Supreme Court has observed that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League*

*v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). This is particularly true in a large MDL such as this one. As other courts have explained,

> administering cases in multidistrict litigation is different from administering cases on a routine docket . . . . Congress established MDL protocols to encourage efficiency. In order to do so, MDL courts must be able to establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial. MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders.

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (quoting in part *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d at 1229, 1232 (internal citations omitted)).

In exercise of this discretion, I **FIND** that the appropriate sanction for the plaintiff's failure to timely file a PPF is dismissal without prejudice.

### IV. Conclusion

It is **ORDERED** that the defendant's Motion to Dismiss [Docket 6] is **GRANTED in part** to the extent defendants seek dismissal but **DENIED** insofar as they seek dismissal with prejudice. This case is thereby **DISMISSED without prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 12, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE